FILED

98 JUL 23 PM 2:59

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUL 23 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

NANCY M. FULLER, ET AL.,

Plaintiffs

vs.

COMBINED INSURANCE COMPANY OF AMERICA, ET AL.,

Defendants

CIVIL ACTION NO.

98-AR-1024-M

**MEMORANDUM OPINION**

On July 16, 1998, plaintiffs, Nancy M. Fuller and J. L. Stanley, individually and seeking to represent a class, purported to withdraw their motion to remand the above-entitled case which had been removed by defendants to this court from the Circuit Court of Etowah County, Alabama, on the basis of alleged diversity of citizenship. The removing defendants averred that the non-diverse defendants had been fraudulently joined in order to defeat federal jurisdiction. Contemporaneously with the removal, the non-diverse defendants, as was necessary, filed motions to dismiss pursuant to Rule 12(b)(6), F.R.Civ.P. Their said motions were set for hearing. They initially were strenuously opposed by plaintiffs. Plaintiffs went so far as to move for leave to take depositions for the purpose of providing information relevant to defendants' allegations of fraudulent joinder in order for plaintiffs to defend against those allegations. At that time this court had already concluded, but not shared its belief with the parties, that the



33

requisite facts to establish diversity did not exist.

It may be pure speculation, but the only reason this court can think of for plaintiffs' sudden reversal of position and their purported dismissal of their action as against all non-diverse defendants, was to conspiratorially confer jurisdiction on this court, apparently preferring this judge to the judge to whom the case had been initially assigned in the Circuit Court of Etowah County. Whatever the reason, parties cannot, by agreement, simply confer subject matter jurisdiction on a court of limited jurisdiction. Rather, the subject matter jurisdiction of this court must always be scrutinized, even *sua sponte*, upon any removal, and is to be determined based on the procedural facts as they exist at the time of the removal.

In this case, there is the additional problem inherent in the fact that plaintiffs are seeking to represent a class. They are obligated to represent the interests of the putative class members as those interests manifest themselves in the original complaint. The individual plaintiffs chose a state forum, ostensibly believing it to be the appropriate and best forum within which to obtain the relief sought on behalf of the putative class. Plaintiffs cannot with impunity simply abandon that position.

Because the state court complaint did facially state a viable claim against one or more non-diverse defendants at the time of the removal, this court will *sua sponte* vacate all orders previously entered here and will, by separate order, remand the case to the

Circuit Court of Etowah County, Alabama.

In a *per curiam* opinion the Supreme Court held that "diversity of citizenship is assessed at the time the action is [filed]" and that "if jurisdiction exists at [that] time ... such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc., v. H N Energy, Inc.*, 498 U.S. 426, 111 S. Ct. 858 (1991). The converse of this principle is also true. In other words, complete diversity, once it does not exist at the time of removal, cannot subsequently be created by the parties for the purpose of a retroactive look at the removal jurisdiction.

DONE this 23rd day of July, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE